UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS GARCIA,<br><br>　　　　　Defendant-Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent. | Case No.:  10-cr-4247-BTM-6<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**<br><br>**[ECF NO. 336]** |

Defendant Jose Luis Garcia ("Defendant"), appearing pro se, has filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582.  For the reasons discussed below, Defendant's motion will be denied.

**I.    BACKGROUND**

On April 12, 2011, pursuant to a plea agreement, Defendant pled guilty to one count of conspiracy to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  See Plea Agreement (ECF No. 136); Findings and Recomm. of Magis. Judge Upon a Plea of Guilty (ECF No. 137); Order Accepting Guilty Plea (ECF No. 155).  The plea agreement stipulated that for purposes of the Sentencing Guidelines, the drug type and quantity involved in the conspiracy was "at least 150 grams of methamphetamine (actual)."  Plea Agreement ¶ II.B.6.

On August 26, 2011, the Court sentenced Defendant to a 132-month term of imprisonment. J. in a Crim. Case (ECF No. 221). In calculating Defendant's sentence pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 2D1.1(c) (Drug Quantity Table), the Court applied a base offense level of 34, the base offense level associated with "at least 150 G but less than 500 G of Methamphetamine (actual)." Crim. J. Statement of Reasons § III. It reduced the base offense level by 3 levels for acceptance of responsibility under U.S.S.G. § 3E1.1(b), for a resulting offense level of 31. Id. Defendant's criminal record put him in a Criminal History Category of V. Id.; Presentence Report at 6 (ECF No. 182). The Guideline range associated with an offense level of 31 and Criminal History Category of V was 168-210 months. See U.S.S.G. Sent. Table (Nov. 1, 2010). The Court found this sentencing range greater than necessary to effect the purposes of 18 U.S.C. § 3553(a), and accordingly granted a downward variance of 36 months under § 3553(a)(1), resulting in the imposed term of imprisonment of 132 months. Crim. J. Statement of Reasons § VI; J. in a Crim. Case (ECF No. 221). Judgment was entered on August 31, 2011. See J. in a Crim. Case.

On May 22, 2015, Defendant filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). Def.'s § 3582(c)(2) Mot. for Reduction of Sent. (ECF No. 311). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant … the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). Defendant sought a sentence reduction based on Amendment 782 to U.S.S.G. § 2D1.1, which, effective November 1, 2014, lowered the applicable sentencing ranges for most drug offenses by two offense levels.

2

10-cr-4247-BTM-6

1 On July 29, 2015, the Court issued an order denying the motion. (ECF No. 330.) Pursuant to the policy statement in U.S.S.G. § 1B1.10, the extent to which defendants qualify for sentence reductions based on retroactive application of certain amendments to the Guidelines, including Amendment 782, is limited in that a court may not reduce a defendant's sentence to a term less than the low end of the amended Guideline range, which must be calculated without regard to any departure or variance the defendant originally received, other than one for substantial assistance under § 5K1.1. U.S.S.G. § 1B1.10(b)(2)(A) & cmt. n. (1)(A), (3) (Nov. 1, 2014). The Court denied Defendant's motion based on the determination that his original sentence of 132 months was lower than the amended Guideline range of 140-175 months that would apply to his case pursuant to Amendment 782, calculated, as required by § 1B1.10, without regard for the original 36-month downward variance, making him ineligible for a sentence reduction pursuant to § 1B1.10. See Order Re: Mot. for Sent. Reduction Pursuant to 18 U.S.C. § 3582(c)(2).

## II.  ANALYSIS OF DEFENDANT'S MOTION

On January 6, 2017, Defendant filed this, his second motion for reduction of sentence pursuant to 18 U.S.C. § 3582. Mot. for Reduction of Sent. Pursuant to Title 18 U.S.C. § 3582 ("Def.'s Mot.").[1] He argues that the Drug Quantity Table set forth in U.S.S.G. § 2D1.1(c), which assigns base offense levels based on the type and amount of drugs involved in an offense, has been applied to his case incorrectly. Specifically, he contends that under § 2D1.1(c), both as it existed at the time he was sentenced, and after it was altered by Amendment 782, his sentence should have been calculated using the base offense level associated with "at least 50 G [grams] but less than 150 G of Methamphetamine (actual)"

---

[1] Unlike 28 U.S.C. § 2255, 18 U.S.C. § 3582 does not impose a jurisdictional bar on a second motion. United States v. Trujillo, 713 F.3d 1003, 1006 (9th Cir. 2013).

rather than the higher base offense level associated with "at least 150 G but less than 500 G of Methamphetamine (actual)." Def.'s Mot. at 1-2.

Defendant's motion is somewhat difficult to interpret, but it was filed pro se, and prisoner pro se pleadings are given the benefit of liberal construction. Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) ("A document filed pro se is to be liberally construed"); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir.2002) ("Pro se habeas petitioners may not be held to the same technical standards as litigants represented by counsel.").

Liberally construed, Defendant's motion appears to assert two possible grounds for relief.  First, Defendant may be contending that the Court erred when it denied his first motion for sentence reduction under Amendment 782. Def.'s Mot. at 2.  Although he does not explain the argument in so many words, his motion can be read as contending that if the Court had applied what he contends is the correct base offense level, that is, the one associated with "at least 50 G [grams] but less than 150 G of Methamphetamine (actual)," under Amendment 782 a base offense level of 30 would apply, and his resulting sentencing range would be 120-150 months[2]-- which falls below his original sentence of 132 months, making him potentially eligible for a sentence reduction under § 1B1.10 and § 3582. See U.S.S.G. § 1B1.10(a)(2)(B) (Nov. 1, 2014) (reduction in term of imprisonment not authorized under § 3582(c)(2) where the amendment does not have the effect of lowering the defendant's applicable guideline range), cmt. n. (1)(A) (for purposes of determining eligibility for sentence reduction, amended guideline range must be

---

[2] Pursuant to the § 1B1.10 policy statement, defendant's sentencing range under Amendment 782 would then be calculated as follows, assuming a base offense level of 30 applied: **30** (base offense level, U.S.S.G. § 2D1.1(c)(5) (Nov. 1, 2014)) **-3** (acceptance of responsibility, U.S.S.G. § 3E1.1(b))= **27** (adjusted offense level). Defendant's criminal history category, which he does not challenge, would remain at **V**.  The resulting sentencing range would be **120-150 months**.  Defendant contends that since he originally received a downward variance of 36 months under 18 U.S.C. § 3553(a), that time should be subtracted from his sentencing range.  He is incorrect.  When comparing a defendant's sentence under an amended Guideline, courts are not to include any departure or variance that was originally granted (other than one for substantial assistance under § 5K1.1).  U.S.S.G. 1B1.10 cmt. n. 1(A), 3.

determined without consideration of any departure or variance); United States v. Gonzalez, 119 F. Supp. 3d 1266, 1267 (S.D. Cal. 2015).

      Assuming this to be Defendant's point, the argument fails for the simple reason that Defendant is incorrect in his understanding of how the base offense levels under § 2D1.1(c) apply to his case. He appears to believe that the drug amount in his indictment controls. Count one in the indictment, the charge to which he pled guilty, charged him with conspiracy to distribute "50 grams and more of methamphetamine (actual)." Indictment at 1-2 (ECF No. 1); Plea Agreement ¶ 1. This appears to be the basis for his argument that he should be sentenced using the base offense level that §2D1.1(c) assigns to "at least 50 G but less than 150 G of Methamphetamine (actual)," which would result in a lower base offense level. Defendant is incorrect in believing this to be the case, however, because although the drug weight in the indictment is relevant to determining the statutory maximum sentence to which a defendant is exposed, United States v. Buckland, 289 F.3d 558, 568 (9th Cir. 2002) ("drug quantity and type, which fix the maximum sentence for a conviction … must be charged in the indictment"), it is not the end of the inquiry for sentencing purposes. A sentencing court can rely on facts admitted by a defendant for purposes of applying the Guidelines. United States v. Booker, 543 U.S. 220, 244 (2005) ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"). Here, Defendant admitted in the plea agreement that "[t]he entire conspiracy involved <u>at least 150 grams</u> of methamphetamine (actual)." Plea Agreement ¶ II.B.6 (emphasis added). Because he admitted the drug weight involved in the offense of conviction was "<u>at least 150 grams</u>," id., the applicable base offense level under § 2D1.1(c) is the one that corresponds to "at least 150 G [grams] but less than 500 G of Methamphetamine (actual)." See U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2014). Post-amendment 782,

§ 2D1.1(c) assigns a base offense level of 32 to this drug quantity. Id. The resulting offense level, when calculated as required by the § 1B1.10 policy statement (that is, taking into account the 3-level reduction for acceptance of responsibility, but without regard for the original 36-month downward variance), is offense level 29.[3] With a Criminal History Category of V and a resulting offense level of 29, Defendant's sentencing range under Amendment 782 would be 140-175 months. Since this range is higher than his originally-imposed sentence of 132 months, he is ineligible for a sentence reduction under § 1B1.10. This is the sentencing range the Court calculated when it denied Defendant's first motion for a sentence reduction, so it did not err in calculating Defendant's base offense level under Amendment 782. Thus, Defendant's first possible argument for a sentence reduction, as the Court understands it, is not a meritorious one.

Next, Defendant's motion can also be read as making the argument that his original sentence was imposed erroneously using the wrong base offense level under § 2D1.1(c). If this is an argument he means to assert, it is not available to him under § 3582(c)(2), since it is not based on an amendment to the Guidelines, but it is a claim cognizable in the context of a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. See 28 U.S.C. § 2255(a); Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention" (citation omitted)).

Since Defendant did not file this motion under § 2255, the Court would have to recharacterize it as a § 2255 motion to consider the merits of what the Court

---

[3] Pursuant to the § 1B1.10 policy statement, defendant's sentencing range under Amendment 782 is calculated as follows: **32** (base offense level, U.S.S.G. § 2D1.1(c)(4) (Nov. 1, 2014)) **-3** (acceptance of responsibility, U.S.S.G. § 3E1.1(b)) **=29** (adjusted offense level). Defendant's criminal history category remains at **V**. The Court does not consider its original 36-month downward variance because § 1B1.10 instructs it not to do so. U.S.S.G. 1B1.10 cmt. n. 1(A), 3. Accordingly, Defendant's sentencing range, under an adjusted offense level of 29 and criminal history category V, is **140-175 months**.

sees as his second possible argument. However, it declines to do so here. In some situations, district courts may "ignore[] the legal label attached" to a prisoner's pro se motion and recharacterize it as a § 2255 motion "to create a better correspondence between the substance of the motion's claim and its underlying legal basis." Castro v. United States, 540 U.S. 375, 381-82 (2003). A district court is not required to recharacterize a pro se motion as a § 2255 motion, but "may do so in order to avoid an unnecessary dismissal." Id. If a district court does decide to recharacterize a pro se prisoner's motion as a § 2255 motion, it must first give the prisoner notice of the potential adverse consequences of doing so, and either obtain his consent or offer him the opportunity to withdraw the motion. United States v. Seesing, 234 F.3d 456, 464 (9th Cir. 2001). If these steps are not followed, a recharacterized motion will not count as a § 2255 motion for purposes of applying § 2255's prohibition on "second or successive" petitions. Castro, 540 U.S. at 377.

Here, the Court will refrain from recharacterizing Defendant's motion as a § 2255 motion because doing so would not help "avoid an unnecessary dismissal." Castro, 540 U.S. at 382. Recharacterization is meant to benefit the prisoner, Seesing, 234 F.3d at 463, and makes sense when it serves the goal of avoiding unnecessary dismissal of a potentially valid claim. See Castro, 540 U.S. at 381. Construing a motion as a § 2255 motion serves no constructive purpose when it is clear, as it is here, that the converted motion would be subject to summary dismissal, effectively wasting what might be the prisoner's only opportunity to seek relief under § 2255. See United States v. Gonzalez-Albarran, 2007 U.S. Dist. LEXIS 59343, *7 (S.D. Cal., Aug. 13, 2007) (declining to recharacterize pro se submission as § 2255 petition because of the "procedural implications of doing so").

To explain why recharacterization under § 2255 would be fruitless here, first, the recharacterized motion would almost certainly be time-barred. Unless there

are facts supporting tolling of the limitations period, a motion pursuant to § 2255 must be brought within one year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Here, judgment was entered on August 31, 2011, and because Defendant did not pursue a direct appeal, his judgment became final on September 14, 2011, when the 14-day period for filing a notice of appeal expired. See United States v. Young, 2014 U.S. Dist. LEXIS 133530 (D. Alaska Sept. 3, 2014) ("The Court is persuaded that the Ninth Circuit would follow the Second, Third, Fourth, Fifth, Sixth, Eighth, Tenth and Eleventh Circuits" in holding that for purposes of § 2255(f)(1), an unappealed criminal judgment becomes final when the time for filing a notice of appeal expires) (case citations omitted). As the grounds on which Plaintiff's current motion challenging his sentence were known at the time he was sentenced, there are no grounds the Court can conceive to support tolling, so Defendant's deadline for pursuing the instant relief via a § 2255 motion elapsed on September 14, 2012. Since this motion was not filed until January 6, 2017, if it were recharacterized under § 2255, it would almost certainly be time-barred.

Also, construing Defendant's motion as a § 2255 motion would be fruitless because it is clear it is substantively meritless and would be subject to summary dismissal upon recharacterization. See Baumann v. United States, 692 F.2d 565, 571 (9th Cir. 1984) (§ 2255 motion may be subject to summary dismissal "if it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief") (quoting Rule 4(b) of Rules Governing Section 2255 Proceedings). Defendant's contention that the Court calculated his sentence using the wrong base offense level under the version of § 2D1.1(c) that existed at the time of his sentencing relies on essentially the same argument as the one already rejected above. Contrary to Defendant's argument, based on the plea agreement's stipulated drug quantity of "at least 150 grams of methamphetamine (actual)," the correct base offense level under the

version of § 2D1.1(c) that existed at the time Defendant was sentenced was base offense level 34, which is the base offense level the Court applied. See U.S.S.G. § 2D1.1(c)(3) (Nov. 1, 2010). Accordingly, there was no sentencing error.

In short, construing Defendant's motion under § 2255 would not help him "avoid unnecessary dismissal." Castro, 540 U.S. at 381. To the contrary, it would unnecessarily consume one of his limited opportunities to pursue habeas relief. Therefore, the Court will refrain from undergoing the procedural steps required to formally recharacterize Defendant's motion as a § 2255 motion.

As a final matter, Defendant requests appointment of counsel to "[i]nvestigate [the] above stated [m]iscalculation." The right to appointment of counsel does not extend to motions pursuant to 18 U.S.C. § 3582. See United States v. Townsend, 98 F.3d 510, 512-13 (9th Cir. 1996). Defendant's request is denied.

## III. CONCLUSION AND ORDER

For the reasons above, Defendant's motion for reduction of sentence is DENIED.

**IT IS SO ORDERED.**

Dated: February 10, 2017

Barry Ted Moskowitz, Chief Judge
United States District Court